[No. 5612.]
[No. 2527 C. A.]

## ATKINS ET AL.' v. BOYLE.

**1. Chattel Mortgages—Conversion—Consent of Junior Mortgagee.**

A junior chattel mortgagee cannot question the action of a senior chattel mortgagee in taking into his possession and disposing of the mortgaged chattels and applying the proceeds, after paying expenses and taxes, to the senior mortgage debt, where everything which the senior mortgagee did in connection with the property, was with the consent of the junior mortgagee.

**2. Chattel Mortgages—Conversion—Trustee.**

Where, after a chattel mortgage had expired by limitation, suits were brought against the mortgagor by his employees for wages and to complete a sale of the property which had been covered by the chattel mortgage, it was agreed that the purchase price should be paid to the mortgagee whose chattel mortgage had expired, to be by him disbursed amongst the employees who were bringing suits for their wages, which agreement was carried out, the mortgagee, by receiving and paying out the money according to agreement, cannot be charged with converting the property, and is not liable to a junior mortgagee for having failed to apply the money in satisfaction of his claim which was secured by a senior mortgage on other property.

**3. Appellate Practice—Findings of Fact—Evidence.**

A finding of fact by the trial court upon ·conflicting evidence, where there is evidence to support the finding, is conclusive upon the appellate court.

*Appeal from the District Court of La Plata County: Hon. James L. Russell, Judge.*

Mr. THOMAS B. STUART, Mr. CHAS. A. MURRAY, and Mr. CHARLES A. JOHNSON, for appellants.

Mr. REESE McCLOSKEY, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court.

The appellee, who was plaintiff below, commenced this action to recover judgment on a promissory note, and to foreclose a mortgage or deed of trust to secure same given by Dell and Levy, payors of the note.

The note was for $1,000.00, payable six months after date, with interest at 2 per cent. per month, and contained a clause for the payment of an attorney's fee of 10 per cent. of the amount of the note in the event that the note was collected by legal proceedings.

The deed of trust given to secure the note was on certain real estate in La Plata county.

Appellants and others, who claimed some interest in the land, were made defendants.

The complaint is the usual one in proceedings of this nature.

Appellants filed an answer and cross-complaint, wherein they alleged, *inter alia,* that the note sued upon had been fully paid and that plaintiff's claim was fraudulent and without foundation; that, as a further security for the note, Dell and Levy gave appellee a chattel mortgage upon cattle of the value of $3,700.00; that such chattel mortgage was subject to a bill of sale or chattel mortgage, given by Levy to Atkins as trustee for The Colorado Savings Bank, to secure an indebtedness of Levy to the bank, of over $3,700.00; that plaintiff took possession of the cattle covered by the chattel mortgage given to Atkins as trustee, and converted and appropriated the same to his own use, thereby destroying the security of the bank; that Levy, at the time of such appropriation and conversion, was, and still is, insolvent; that about the same time, Levy, being the owner of the lands described in the complaint, executed and delivered to Atkins, as trustee, a deed of trust or mortgage upon the land described in the complaint, to secure

to the bank the payment of a large sum of money; that such last deed of trust or mortgage was taken without any knowledge on the part of the trustee or the bank of the deed of trust or mortgage set forth in the complaint; that, subsequently, before the commencement of this suit, the trust deed or mortgage to the bank was foreclosed, and appellant Stuart became the owner of the lands described in the complaint, under a trustee's deed; that, after purchasing the land, appellant Stuart was compelled to pay a large amount of back taxes upon the land, the amount of which is not stated.

The real contention, in this case, is between appellee and The Colorado Savings Bank, represented by Thomas B. Stuart, its assignee.

The reply admitted the chattel mortgage given by Dell and Levy to appellee as further security for the note, and denied all other affirmative allegations of appellant's answer and counterclaim.

From the testimony, it is established that the bill of sale, or chattel mortgage, and the deed of trust, or mortgage, under which the bank claims, were filed for record subsequent to the filing for record of the mortgage or deed of trust and chattel mortgage held by appellee.

It also appears that Levy, the debtor of the bank, who gave the above securities to the bank, was the owner of an undivided one-half interest only in the lands and cattle.

Upon the trial, appellee testified that the balance of principal and interest due on the note sued upon was $652.62. This amount was exclusive of any attorney's fee.

The trial, which was to the court without a jury, resulted in a judgment in favor of appellee for $317.80, which amount was decreed to be a lien upon

the land prior to the lien claimed by appellants, and foreclosure was ordered.

It is claimed by appellants that certain acts of appellee, with reference to the cattle covered by the two chattel mortgages, amounted to a conversion, and that appellee, by his acts and by express contract, became a trustee for the bank, and, as such, should be held to a strict account of the proceeds derived from the sales of the chattel property covered by the chattel mortgages.

With reference to these transactions, the facts are:

Dell, who seems to have been the manager of the ranch business during the summer of 1893, made several shipments of cattle covered by the chattel mortgages, without the knowledge of either appellee or the bank. About October 23, Dell had gathered a bunch of cattle which he intended to ship to Kansas City, and there dispose of the same. October 23 Mr. Butters, who, at that time, was the assignee of the bank, the predecessor of appellant Stuart, came to Durango, and, in company with appellee, went to the place where the cattle were being held by Dell. Mr. Butters exhibited to appellee and Dell a bill of sale for an undivided one-half interest in the cattle, executed by Levy, and said that he was there to represent and protect the interests of the bank.

After some negotiations between the parties, it was agreed, between Butters, appellee and Dell, that shipment of the cattle should not be interfered with; that appellee should go with the cattle to Kansas City, market the same, pay all expenses connected therewith, and apply the net proceeds derived from the sale of this bunch of cattle upon his note, and that the bank should receive the proceeds of the next shipment of cattle.

About this time the treasurer of La Plata county

issued a warrant for the collection of $262.00, taxes due on the cattle, and it was agreed by all parties that appellee should pay this amount out of the proceeds derived from the sale of the cattle.

Pursuant to this arrangement, the cattle were shipped to Kansas City, and there sold, and the net proceeds derived from such sale, after paying all expenses and $262.00 to the treasurer on account of taxes, were credited by appellee upon the note. The credit amounted to $875.25, principal and interest on appellee's note at that time being $1,110.00.

Appellants vigorously attack some of the items paid by appellee on account of expenses incident to this transaction.

From the evidence before us, we cannot say that any of the items objected to by appellants were improperly paid by appellee. Inasmuch as the judgment of the court was for less than one-half the amount claimed by appellee as being due on account of principal and interest, we do not feel disposed to disturb the judgment of the court upon this account.

From the above statement it will be seen that appellee did not take into his possession or convert to his use any portion of the chattel property covered by the chattel mortgages, except the bunch of cattle involved in this one transaction, and that everything which he did in connection with this bunch of cattle was with the consent of the bank through its representative, Mr. Butters, so that the bank is in no position to question this transaction.

Appellee's mortgage expired by limitation on the 13th of November, 1893, and was not renewed.

On or about the 2d day of December, Dell undertook to sell another bunch of cattle, when suits were commenced against him by some of the ranch hands for wages.

To complete the sale, it was agreed, between the

purchaser and Dell, that the money paid for the cattle should be paid to appellee, and by him disbursed to the men who were seeking to enforce their claims by suit.

This arrangement was carried out.

The amount of money paid to appellee at this time by the purchaser of the cattle was $382.50, which amount he disbursed to the men who had sued to recover their wages.

It is contended by appellants that this money, having come into the hands of appellee, and being proceeds of the property covered by his chattel mortgage, and the mortgage or bill of sale to the bank, it was the duty of appellee to apply this fund in satisfaction of his demand, and that his failure to do so made him accountable to the bank for such fund.

The facts as above set forth do not warrant any such conclusion.

Appellee's mortgage had expired by limitation.

These cattle, which were covered by appellant's bill of sale, were not taken possession of by appellee; he simply acted as stakeholder, and, under the facts, appellee cannot be charged with having converted such property.

It is contended by appellants that in October, 1894, Stuart, as assignee of the bank, tendered appellee the amount due him upon his note, and that, by virtue of such tender, appellee should not recover interest, costs or attorney's fees, and, further, that the lien of his mortgage was thereby released and discharged.

Conceding that the plea of tender was good, it was put in issue by the reply.

The testimony upon this issue is conflicting and contradictory, and having been submitted to the trial judge and by him necessarily found against appel-

lants, there being testimony in support thereof, we are concluded by such finding.

Appellants further contend that a large amount of taxes have been paid by them upon the lands covered by the deed of trust or mortgage of appellee; that these taxes were a first and prior lien, and should have been so adjudged in the decree.

The amount of taxes paid is not stated in the pleading, and there is no evidence in the record to prove the amount so paid.

There is nothing in the record which would have warranted the court in decreeing that any taxes were a prior lien upon the property, even if such contention could be maintained under the law, which we do not decide.

Appellants further contend that the court allowed an attorney's fee of $100.00, which they maintain was error.

There is nothing in the record before us to indicate what items were included in the judgment rendered by the court.

As before stated, the amount of the judgment was less than half the amount sworn to by appellee, and as there was no testimony contradicting appellee upon this point, we are not disposed to disturb the judgment, which will be affirmed.

*Affirmed.*

The CHIEF JUSTICE and Mr. JUSTICE GUNTER concurring.